D¢F✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ADEYINKA OKUPE,

                        Petitioner,

**MEMORANDUM & ORDER**

     -against-

08 CV 693

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------X
DEARIE, Chief Judge.

      On April 28, 2004, petitioner pled guilty pursuant to a plea agreement to importation of an unspecified quantity of a controlled substance in violation of 21 U.S.C. § 952(a), § 960(a)(1) and § 960(b)(3), a lesser-included offense of Count One of a two-count indictment. On December 17, 2004, he was sentenced to to 37 months imprisonment, the low end of the applicable range under the United States Sentencing Guidelines. He filed a notice of appeal pro se on March 2, 2005. Assigned appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and respondent moved for dismissal based on petitioner's waiver of his appellate rights. The Second Circuit dismissed the appeal on the ground that the notice of appeal was untimely. Despite petitioner's having received every conceivable benefit of his plea agreement, and a term of imprisonment well below the estimate contained therein, he persists in attacking his sentence.[1]

---

[1] On February 22, 2007, petitioner, pro se, filed papers captioned "Motion to be Resentenced as a Misdemeanor Pursuant to a Writ of Error Coram Nobis." The Court notified petitioner by order dated October 9, 2007, that unless he opted to withdraw his application, it would be considered a motion pursuant to 28 U.S.C. § 2255. The Court granted petitioner's request to withdraw the application on November 19, 2007. Petitioner re-filed his application as a Section 2255 petition on February 13, 2008.

Petitioner argues that his conviction should have been a misdemeanor rather than a felony because drug quantity was neither specified in the plea agreement nor stated during the plea colloquy, and he contends that counsel was ineffective for failing to make this argument at sentencing. In addition, in his papers dated February 13, 2008, he asserts for the first time that counsel erroneously advised him that if he pled guilty he would receive a sentence of six to twelve months imprisonment.

**Background**

Count One of petitioner's indictment charged him with knowingly and intentionally importing one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. § 952(a), § 960(a)(1), and § 960(b)(1)(A). Petitioner pled to the lesser-included offense of importation of an unspecified quantity. He was thus subject to the statutory penalty provisions set forth in 21 U.S.C. § 960(b)(3), requiring no mandatory minimum and a maximum of twenty years imprisonment. In contrast, 21 U.S.C. § 960(b)(1)(A), the penalty provision applicable to importation of one kilogram or more of heroin, mandates a ten year minimum term of imprisonment. As set forth in the plea agreement, petitioner's estimated sentence under the United States Sentencing Guidelines, with a base offense level of 30, a four point reduction for minimal role, and a two point reduction for acceptance of responsibility, was 51 to 63 months.

This estimated sentence set forth in petitioner's plea agreement was explicitly discussed during the plea proceeding (Plea 19), as was the fact that petitioner agreed to waive his right to appeal or otherwise challenge his conviction or sentence of 63 months or less (Plea 21). The government also noted that with a three level reduction for acceptance of responsibility, the estimated Guidelines sentencing range would be 46 to 57 months. (Plea 19.) The Presentence

2

Investigation Report ("PSR") recommended 37 to 46 months imprisonment, an even lower Guidelines range than the range set forth in the plea agreement and the ranges discussed in open court at the plea proceeding on the ground that petitioner qualified for the two-point safety valve reduction pursuant to U.S.S.G. §2D1.1(b)(6) and §5C1.2. Petitioner was sentenced to 37 months.

## Discussion

Petitioner's challenge to his sentence is foreclosed by his knowing and voluntary waiver of his right to appeal or otherwise challenge a sentence at or below 63 months as part of his plea agreement. (Plea Agreement ¶ 4); see United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (enforcing waiver against appeal); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver against collateral attack). Although such a waiver does not preclude a subsequent challenge to the validity of the plea process itself, see Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (plea process may be attacked despite waiver); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim agreement entered into without effective assistance of counsel), a valid waiver will be upheld against a challenge to the correctness of a sentence. Such a challenge is "barred by the plain language of the waiver contained in [the] plea agreement," and the Second Circuit has noted that if "a claim of ineffective assistance of counsel at sentencing [were allowed] as a means of circumventing plain language in a waiver agreement, the waiver . . . provision would be rendered meaningless." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam); see also Hernandez, 242 F.3d at 114 (if process by which plea agreement was consummated is constitutional, issues within scope of waiver including

3

sentencing issues cannot be considered). To permit "escape [from] the fairly bargained-for consequences of [an] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." Monzon, 359 F.3d at 117 (internal quotation marks and citation omitted).

The record clearly demonstrates that petitioner's waiver was knowing and voluntary. See Garcia-Santos, 273 F.3d at 508 (listing facts supporting finding waiver knowing and voluntary including that plea agreement was signed, that at plea proceeding petitioner stated he had read and understood the plea agreement, and that petitioner did not claim not to understand the waiver in his Section 2255 petition). Petitioner signed the plea agreement and at the plea colloquy acknowledged his signature. (Plea 13.) In addition, he stated that he read, understood and discussed the agreement with his lawyer. (Plea 13-14.) The Magistrate Judge inquired specifically whether petitioner understood that he was agreeing to waive his right to challenge a sentence within the range set forth in the plea agreement and repeated on the record. (Plea 21.) Petitioner indicated that he did. (Id.) Petitioner's new assertion that counsel erroneously advised him that if he pleaded guilty he would receive a sentence of six to twelve months imprisonment is belied by the record. The applicable Guidelines sentencing range was discussed at the time of petitioner's plea, and petitioner's counsel stated on the record that his estimated Guidelines calculation conformed to the estimate stated by the government. (Plea 19.) Moreover, petitioner explicitly acknowledged to the Magistrate Judge that he understood that "no one can promise . . . what sentence Judge Dearie will decide with respect to the guideline level or what sentence he will impose." (Plea 20.)

4

In any case, petitioner's claims fail on the merits. There is no legal basis whatsoever upon which counsel could have argued that petitioner was entitled to a misdemeanor sentence. Petitioner pled guilty to a violation of 21 U.S.C. § 952(a), a felony offense. Moreover, 21 U.S.C. § 960(b)(3) sets forth penalties that apply with no requirement that any minimum drug quantity be involved. Thus, to the extent petitioner's challenge may be interpreted as based on United States v. Apprendi, 530 U.S. 466 (2000), it also fails. See United States v. Berdugo, 38 Fed. Appx. 634, 636 (2d Cir. 2002) (Apprendi does not apply when sentence falls below lowest statutory maximum of Section 960 and no mandatory minimum is triggered). Counsel was not ineffective under Strickland v. Washington, 466 U.S. 668 (1984), for failing to make these frivolous arguments.

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 18, 2009

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge

5